## No. 313

### CINCIN. TRAC. CO. v. KLINKENBERG, Admrx.

No. 19682. Supreme Court

On motion to certify. Dock. March 11, 1926; 4 Abs. 176.

1235. **VERDICT**—Where the facts show a presumption of contributory negligence (301) on the part of a deceased party and this presumption is not directly controverted by any evidence, should a verdict be directed for the defendant?

480. **EVIDENCE**—In an action by the personal representatives of a deceased party for wrongful death, is it error to permit evidence to be introduced to show the gross earnings and profits of a business conducted by the deceased?

Elle Klinkenberg, as administratrix of the estate of Otto Klinkenberg, brought this action originally in the Hamilton Common Pleas against the Cincinnati Traction Co. for damages for the wrongful death of the deceased. It appears that the deceased was driving his automobile east on Harrison Avenue in Cincinnati; that the street was 44 feet wide and that a single track of the Traction Co. ran westwardly in the center of the street, which was paved. The space between the tracks and the curb was 17 feet wide. With nothing to obstruct the view of either the deceased or motorman operating the street car the left front end of the street car collided with the right front end of the automobile, thereby killing the deceased. The evidence disclosed no reason why the automobile could not have been turned out of the pathway of the street car.

The administratrix was permitted to testify concerning the gross earnings and profits of a business which belonged to the deceased over the company's objection. The judgment of the Common Pleas for $15,000, rendered upon the verdict in favor of Klinkenberg, was affirmed by the Court of Appeals.

The Company, in the Supreme Court, contends:

1. That the Common Pleas erred in refusing to grant a motion to direct a verdict for the company at the close of all the evidence.

2. That the court erred in permitting the administratrix to prove the gross earnings and profits of the business conducted by the deceased at the time of his death because the measure of damage is the pecuniary loss which results from the loss of the deceased's efforts, which would be the compensation ordinarily paid to others for rendering like services.

Attorneys—Leo J. Brumleve, for Company; Galvin & Bauer and Bert H. Long, for Klinkenberg; all of Cincinnati.

# CONCORDANCE OF CASES
## Published in the Abstract

### For March, 1926

Amer. Mge. Co. v. Rosenbaum. OS. Pend. 3 Abs. 380; OS. 4 Abs. 161; Dock. 19126, 5-10-25, 3 Abs. 313; Judg. rev. 4 Abs. 161.

American Ry. Conductors v. Carpenter. OA. 3 Abs. 735; OS. 4 Abs. 161; Dock. 19231; 7-1-25, 3 Abs. 417; Judg. rev. 4 Abs. 161.

Buchanan v. Twinem. OS. Pend. 4 Abs. 180; Dock. 19587, 1-21-26, 4 Abs. 72; mo. to cer. ov., 4 Abs. 177.

Burke v. Bader. OS. Pend. 3 Abs. 485; Dock. 19178, 5-29-25, 3 Abs. 359; Judg. Aff. 4 Abs. 172.

Carr v. Buckeye Dairy Co. OS. Pend. 4 Abs. 94. Dock. 19545, 1-9-26, 4 Abs. 40; mo. to cer. ov. 4 Abs. 162.

Chamer v. Mlasovski. OS. Pend. 4 Abs. 29; Dock. 19450, 11-30-25, 3 Abs. 754, Setl. and dis. by parties. 4 Abs. 209.

Cinc. Trac. Co. v. Kroger. OS. Pend. 3 Abs. 516; Dock. 19235, 7-2-25, 3 Abs. 417; Judg. rev. 4 Abs. 193.

Cleveland Laund. Co. v. Farkas. OS. Pend. 180; Dock. 19585, 1-20-25, 4 Abs. 72; mo. to cer. ov. 4 Abs. 162.

Cleveland Tr. Co. v. Scobie, Admr. OS Pend. 3 Abs. 610; OS. 4 Abs. 161; Dock. 19332, 8-24-25, 3 Abs. 546; Judg. rev. 4 Abs. 161.

Commonwealth Cas. Co. v. Spohn. OS. Pend. 4 Abs. 179; Dock. 19596, 1-23-26, 4 Abs. 88; mo. to cer. ov. 4 Abs. 193.

D. T. & I. R. R. Co. v. Kissell Prod. Co. OS. Pend. 4 Abs. 94; Dock. 19544, 1-9-26; 4 Abs. 40; mo. to cer. ov. 4 Abs. 162.

D. T. & I. Ry. v. Putnam Co. (Comm.) OS. Pend. 4 Abs. 145; Dock. 19568, 1-15-26, 4 Abs. 56; mo. to cer. ov. 4 Abs. 177.

Dill Mfg. Co. v. Zaneink. OS. Pend. 4 Abs. 118; Dock. 19564, 1-13-26, 4 Abs. 56; mo. to cer. ov. 4 Abs. 193.

Edmonds et. v. Murphy et. OS. Pend. 4 Abs. 180; Dock. 19582, 1-18-26, 4 Abs. 72; mo. to cer. ov. 4 Abs. 193.

First Nat. Bk. v. Toledo Cooker Co. OA. 4 Abs. 66; OS. Pend. 4 Abs. 178; Dock. 19607, 1-28-26, 4 Abs. 88; mo. to cer. ov. 4 Abs. 209.

Helwig v Warren Bank. OS. Pend. 4 Abs. 30; Dock. 19527, 1-2-26; 4 Abs. 40; mo. to cer. all. 4 Abs. 162.

Herberich Realty Co. v. Rogers et. OS. Pend. 4 Abs. 132. Dock. 19560, 1-12-26, 4 Abs. 56; mo. to cer. ov. 4 Abs. 209.

Hobstetter v. Pen Kerman et. OS. Pend. 4 Abs. 214; Dock. 19614, 2-6-26, 4 Abs. 112; mo. to cer. ov. 4 Abs. 209.

Kimbark v. Timken Roll. Bear. Co. OS. Pend. 4 Abs. 92; Dock. 19467, 12-10-25; 3 Abs. 762; mo. to cer. all. 4 Abs. 142.

Lake Shore Elec. Ry. Co. v. Hoyer. OA. 4 Abs. 138; OS. Pend. 4 Abs. 195; Dock. 19597, 1-25-26, 4 Abs. 88; mo. to cer. ov. 4 Abs. 193.

Luthi Bros. v. Stewart & Ward. OS. Pend. 4 Abs. 146; Dock. 19555, 1-11-26, 4 Abs. 56; mo. to cer. ov. 4 Abs. 177.

McCarty v. State ex. Friedel. OS. Pend. 4 Abs. 181; Dock. 19583, 1-19-26; 4 Abs. 72; mo. to cer. ov. 4 Abs. 193.

Marcoguiseppe v State. OA. 3 Abs. 732; OS. 4 Abs. 194 ;Dock. 19305, 8-1-25, 3 Abs. 499; Judg. rev. 4 Abs. 193.

Menke v. Jackson et. OS. Pend. 4 Abs. 59; Dock. 19536, 1-6-26, 4 Abs. 40; mo. to cer. ov. 4 Abs. 193.

Milano, Admr. v. Peoples Ry. Co. OS. Pend. 4 Abs. 179; Dock. 19582, 1-18-26, 4 Abs. 72; mo. to cer. ov. 4 Abs. 193.

Moffat, Contempt of, In Re. OS. Pend. 4 Abs. 139; Dock. 19506, 12-22-25, 4 Abs. 24; mo. to cer. ov. 4 Abs. 142.

Price v. Kobacker Fur. Co. OA. 4 Abs. 68; OS. Pend. 4 Abs. 116; Dock. 19556, 1-11-26, 4 Abs. 56; mo. to cer. ov. 4 Abs. 193.

Ram et. v. Rogers, Rec. OS. Pend. 4 Abs. 195; Dock. 19590, 1-21-26, 4 Abs. 72; mo. to cer. ov. 4 Abs. 209.

Rogers v. Abbott et. OS. Pend. 4 Abs. 97; Dock. 19557, 1-11-26, 4 Abs. 56; mo. to cer. ov. 4 Abs. 209.

Rogers v. Beck. OS. Pend. 4 Abs. 60; Dock. 19539, 1-7-26; 4 Abs. 40; mo. to cer. ov. 4 Abs. 162.

Shocky v Thornburg Sales Co. OA. 4 Abs. 108; OS. Pend. 4 Abs. 60; Dock. 19530, 1-4-26, 4 Abs. 40; mo. by ptf. to dispense with ptg. of ex. all. 4 Abs. 209.

Schaffer v. Schaffer. OS. Pend. 3 Abs. 626; Dock. 19311, 8-7-25, 3 Abs. 499; Judg. rev. 4 Abs. 193.

State v. Ford Motor Co. OA. 2 Abs. 412; OS. Pend. 3 Abs. 299; Dock. 19024, 3-18-25, 3 Abs. 198; Judg. aff. 4 Abs. 161.

State v. Krauss. OS. Pend. 3 Abs. 645; Dock. 19368, 10-5-25, 3 Abs. 642; Judg. aff. 4 Abs. 193.

State v. Tipton. OS. Pend. 4 Abs. 115; Dock. 19566, 1-15-26, 4 Abs. 56; mo. to cer. ov. 4 Abs. 162.

State ex. Nolan v. Brown. OS. 3 Abs. 675; Dock. 19330, 8-15-25; 3 Abs. 530; mo. to st. out aver. in reply ov. 4 Abs. 193.

State ex, Haavind v. Crabbe. OS. 4 Abs. 178; Dock. 19245, 7-8-25, 3 Abs. 435; In mand., writ den. 4 Abs. 177.

State ex, Mayers v. Gray et. OS. Pend. 3 Abs. 661; OS. 4 Abs. 182; Dock. 19335, 8-25-25, 3 Abs. 546; writ of mand. den. 4 Abs. 177.

State ex, Tague v. Klinger et. OS. Pend. 3 Abs. 724. Dock. 19369, 10-5-25, 3 Abs. 198; writ of man. den. 4 Abs. 142.

State ex, Gannon v. Lander. OS. Pend. 3 Abs. 546; Dock. 19251; 7-10-25, 3 Abs. 435; Judg. aff. 4 Abs. 161.

State ex, South. Sur. Co. v. Schlesinger. OS. Pend. 3 Abs. 661; OS. 4 Abs. 195; Dock. 19346, 9-1-25, 3 Abs. 546; Judg. for realtor, 4 Abs. 193.

Szymanski v. Davis. OS. Pend. 4 Abs. 98; Dock. 19551, 1-9-26; 4 Abs. 56; mo. to cer. ov. 4 Abs. 177.

Tracy, Aud. v Deer Park (Vil.) OA. 3 Abs. 325; OS. Pend. 3 Abs. 405; OS. 4 Abs. 182; Dock. 19161, 5-21-25, 3 Abs. 341; Judg. aff. 4 Abs. 177.

Traver v. Carpenter. OS. Pend. 4 Abs. 213; Dock. 19626, 2-16-26, 4 Abs. 128; mo. to cer. ov. 4 Abs. 209.

Variety Steel Works Co. v. Novak et. OS. Pend. 4 Abs. 43; Dock. 19532, 1-5-26, 4 Abs. 40; mo. to cer. ov. 4 Abs. 142.

Walker v. Johnson Trans. Co. OS. Pend. 4 Abs. 96; Dock. 19540, 1-8-26, 4 Abs. 40; mo. to cer. ov. 4 Abs. 162.

Webb et. v. West. Res. B. & S. Co. OS. Pend. 58; Dock. 19529, 1-4-26, 4 Abs. 40; mo. to cer. all. 4 Abs. 142.

Zipf v. Delgarn. OS. Pend. 3 Abs. 706; OS. 4 Abs. 182; Dock. 19840, 8-25-25, 3 Abs. 546; Judg. aff. 4 Abs. 177.